IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOYCE KAY OGLE,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 04-CV-112-WDS |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, to which the government has filed a response and petitioner a reply.

On November 9, 2000, a grand jury returned a superseding indictment against John A. Ellebracht, petitioner Joyce Kay Ogle and Alonzo Suggs. The superseding indictment charged all defendants in Count 1 with conspiracy to possess with the intent to distribute, and to distribute, cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 and 18 U.S.C. § 2. Alonzo Suggs was also charged in Count 2 of that superseding indictment with being a prohibited person (prior convicted felon) in possession of a firearm. Ellebracht pleaded guilty and testified at trial against Ogle and Suggs.

The jury returned verdicts of guilty as to each defendant (Ogle and Suggs), on all counts, on March 22, 2001. After trial, petitioner's attorney's motion to withdraw was granted and new counsel was appointed. Petitioner was sentenced to a total term of one hundred twenty (120) months of imprisonment, a term of supervised release of five (5) years, a special assessment of $100.00, and a fine of $750.00.

Petitioner's conviction and sentence was affirmed by the Seventh Circuit Court of Appeals in an unpublished order dated February 14, 2003. *United States v. Suggs*, 59 Fed. Appx.

818 (7th Cir. 2003). Her request for a writ of certiorari was denied on April 7, 2003. *Ogle v. United States*, 538 U.S. 971 (2003).

Petitioner also filed a motion for new trial, which was denied by this Court; that denial was upheld on appeal. *United States v. Ogle*, 425 F.3d 471 (7th Cir. 2005).

In her motion to vacate, petitioner raises four issues. Specifically, she claims that: (1) the prosecution improperly failed to disclose evidence favorable to petitioner, in violation of her constitutional rights; (2) she received ineffective assistance of counsel from trial counsel due to his allegedly improper failure to seek a severance from co-defendant Suggs; (3) she received ineffective assistance of counsel appointed for her sentencing based on her attorney's failure to file a motion for new trial and his failure to seek a "safety valve" reduction; and (4) she received ineffective assistance of trial counsel based on counsel's alleged failure to object to the admission of evidence that had been the subject of a motion in limine.

Grounds for relief pursuant to 28 U.S.C. §2255 are more limited than grounds for relief on direct appeal. A §2255 motion cannot raise issues that were raised on direct appeal absent a showing of changed circumstances. An issue not raised on direct appeal may not be raised in a § 2255 motion unless the defendant can demonstrate either: (1) both good cause for his failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims, or (2) that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice. See, *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996); *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995); *Degaglia v. United States,* 7 F.3d 609, 611 (7th Cir. 1993). However, an ineffective assistance of counsel claim may be made in a subsequent collateral attack pursuant to 28 U.S.C. § 2255, even if the petitioner could have made the claim on direct appeal. See, *Massaro v. United States*, 538 U.S. 500, 504, 123 S.Ct. 1690 (2003).

**I.      Ground One**

Petitioner first claims that the government engaged in prosecutorial misconduct in that the government knowingly presented the "confused" or perjured testimony of co-conspirator John Ellebracht. Petitioner set forth this claim in her motion for new trial, which was denied by this Court (see, Cause No. 00-CR-30176-WDS, Doc. 170); that denial was upheld on appeal. See, *Ogle*, 425 F.3d at 477 ("Under the circumstances it appears quite clear that instead of being acquiescent in a scheme to defraud or suborn perjury at trial, the prosecutor was actually conducting an honest search for the truth, while dealing with a less than veracious witness, Ellebracht."). There is no need to revisit this issue.

## II.     Ground II

Petitioner next claims that she received ineffective assistance of trial counsel in that counsel improperly failed to seek severance of her trial from that of her co-defendant Alonzo Suggs. Petitioner claims that her trial was unfair because Suggs was charged with an additional charge and that she was required to "shar[e] the defense table with someone far more culpable than Petitioner in the common count." As the government notes, however, petitioner offers nothing more than conjecture that she was prejudiced by the failure to sever her trial from that of Suggs. The jury was instructed to separately consider both counts and both defendants. (see, Cause No. 00-CR-30176-WDS, Jury Instructions - Gov'ts. 19). The jury is presumed to have followed the jury instructions it was given. See, *United States v. Smith*, 415 F.3d 682, 689 (7th Cir. 2005). Without more, the Court finds that petitioner's claim is without merit.

## III.     Ground Three

Petitioner next claims that she received ineffective assistance by counsel appointed for her sentencing based on her attorney's failure to file a motion for new trial and his failure to seek a "safety valve" reduction. Regardless of who filed the motion, a motion for new trial, as noted above, was filed on petitioner's behalf, and the Court denied that motion. Petitioner has not

3

shown how she was prejudiced by her sentencing counsel's failure to file that motion.

With respect to the safety valve claim, petitioner did not meet the United States Sentencing Guidelines requirement that "the defendant does not have more than 1 criminal history point...." U.S.S.G. § 5C1.2(a)(1). See, Cause No. 00-CR-30176-WDS, Docs. 140, 141. Petitioner does not suggest that she is eligible under U.S.S.G. § 5C1.2(a)(5). Accordingly, petitioner cannot show how she was prejudiced by counsel's alleged failures, and her motion on this ground is denied.

## VI.     Ground IV

With respect to ground four, plaintiff claims that she received ineffective assistance of trial counsel in that counsel allowed testimony to come into the record without objection that had been the subject of a motion in limine (see, Cause No. 00-CR-30176-WDS, Doc. 59) and which the Court had ruled inadmissible unless the door was opened by petitioner. The specific testimony at issue involved information allegedly derived from a proffer to John Ware, an Assistant United States Attorney in the Eastern District of Missouri. Petitioner claims that, despite the Court's order, such evidence was introduced by the government on at least two occasions, and her attorney failed to object.

In order to demonstrate ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984), petitioner must show that counsel's actions were not supported by a reasonable trial strategy and that counsel's error was prejudicial. 466 U.S. at 690-92.

According to petitioner's motion, she proffered to Ware after being indicted in the Eastern District of Missouri, the district in which the drugs were found and petitioner was initially interviewed. The charges in that district were dismissed in exchange for her cooperation. She was then given an opportunity to proffer in this district, was offered the

4

standard one-third reduction, and decided instead to go to trial.

At trial, the Court granted petitioner's motion in limine to exclude any mention of the proffer "with limitation, depending on the testimony elicited by defendant." (See, Cause No. 00-CR-30176-WDS, Doc. 62).

Petitioner claims that, despite the Court's order, such information was introduced by the government on at least two occasions, and that, in one instance, it was the improperly introduced testimony that led the Court of Appeals to subsequently conclude that petitioner had known of the conspiracy for some time. She asserts that her attorney improperly failed to object to the use of such evidence.

In response, the government denies that it used any information at trial derived from petitioner's proffer to AUSA Ware. It notes that the true problem is that petitioner makes these allegations without support from or citation to the record, and then makes her own conclusions as to why or how the government derived such evidence.

The Court finds that there is simply not enough information in the record to determine whether petitioner presents an arguable claim for ineffective assistance of counsel on this ground. Accordingly, an evidentiary hearing is necessary to determine whether information derived from petitioner's proffer to AUSA Ware was improperly utilized at trial, whether her attorney improperly failed to object and that failure was "outside the wide range of professionally competent assistance," *Strickland*, 466 U.S. at 690, and whether such error was prejudicial.

Based on the foregoing, petitioner's motion to vacate is **DISMISSED** with prejudice with respect to grounds one, two and three. Insofar as petitioner seeks to conduct discovery related to grounds one, two and three, that request is **DENIED**. The Court **RESERVES RULING** on the motion to vacate with respect to ground four and **REFERS** the matter to United

States Magistrate Judge Clifford J. Proud for an evidentiary hearing and report and recommendation on the issues delineated above with respect to ground four.

**IT IS SO ORDERED.**

**DATED: February 7, 2006**

                                            **s/ WILLIAM D. STIEHL**
                                            **DISTRICT JUDGE**